LARRY L. BAUMBACH
SBN 50086
Law Office of Larry L. Baumbach
686 Rio Lindo Avenue
Chico, California 95926
Telephone:  (530)891-6222
Fax:  (530)893-8245

Attorneys for Plaintiffs
KATHERINE and WILLIAM ROBINSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBINSON; and WILLIAM ROBINSON, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| vs. | **(DEMAND FOR JURY TRIAL)** |
| CITY OF REDDING; CITY OF REDDING POLICE CHIEF, ROBERT F. PAOLETTI; REDDING POLICE OFFICERS as DOE 1 through DOE 50. | |
| Defendants | |

## JURISDICTION and VENUE

1.    This action is brought by Plaintiffs, KATHERINE ROBINSON and WILLIAM ROBINSON, individually and as co-executors of the estate of decedent, Matthew Robinson, pursuant to 42 U.S.C. §1983 to redress the violation of Defendant of Decedent, Matthew Robinson's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and by California Code of Civil Procedure 51.7, et seq.   The Court has jurisdiction of this action under 28 U.S.C. §1143, and 28 U.S.C. §1331.  Plaintiffs are the surviving parents of Decedent, Matthew Robinson, who has no other heirs surviving him.

2.    Defendants, CITY OF REDDING, and DOES 1 through 50, are and were at all times mentioned herein, a city located in Shasta County, California; law

1

enforcement OFFICERS DOES 1-50 are employed by the CITY OF REDDING. Said OFFICERS are sued individually and in their official capacity. At all times herein mentioned, Defendants DOES 1 through 50 were acting under color of state law.

3.    Defendant, POLICE CHIEF ROBERT F. PAOLETTI, was at all times mentioned herein the POLICE CHIEF of the CITY OF REDDING and was responsible for hiring, firing, training, supervising and disciplining members of the REDDING POLICE DEPARTMENT and of Defendants DOES 1-50.

4.    The Defendant, CITY OF REDDING, is and was at all times mentioned herein a body politic located in Northern California and within the Eastern District Federal Court and employed the REDDING POLICE OFFICERS mentioned herein and was organized and exist under and by virtue of the laws of the State of California.

### FACTS COMMON TO ALL CAUSES OF ACTION

5.    On or about Sunday, July 20, 2014, decedent was being transported from the Enloe Medical Center in Chico, California to the Restpadd Psychiatric Health Facility in Redding, California. At the time of the transport, Matthew Robinson was in a state of mental upset and did not have cognitive control of his person and was being sent to Restpadd Psychiatric Health Facility for rehabilitation and treatment. Upon arriving at the Restpadd Facility and while in the transportation vehicle, which completely confined him to the backseat of the vehicle, Matthew Robinson became severely agitated. Attendants from the Restpadd Psychiatric Health Facility observed Matthew Robinson in the confined space of the back of the transport vehicle and determined that he was not sufficiently calm for admittance into the facility and recommended that the transport driver take Mr. Robinson to the Mercy Medical Center. Thereupon, knowing that the police would be needed to remove Matthew Robinson from the rear of the vehicle, either at the Restpadd Psychiatric Health Facility or at the hospital, the medical transport driver called POLICE for assistance. Upon arrival, REDDING POLICE OFFICERS whose identities are presently unknown, but who were in uniform, on duty, and driving marked Redding Police vehicles arrived at the scene

2

COMPLAINT FOR DAMAGES

and expressed strong resentment at having to deal with "Butte County bullshit". A REDDING POLICE OFFICER, DOE 1, announced to Matthew Robinson that he must remove himself from the vehicle or the officer would "beat his ass". Upon attempting to remove Matthew Robinson from the transport vehicle, the Officers encountered resistance in the form of Matthew attempting to pull away. Matthew repeatedly stated that someone was after him. Matthew Robinson was ultimately taken to the ground. While on the ground and on his back, his head was restrained while OFFICER DOE 1 beat him, using a gloved hand containing a mace can which the OFFICER used to increase the force of his blows and struck Matthew Robinson in the face approximately 10 times while restraining Matthew's head. Matthew thereupon lost consciousness. An unknown period of time passed before one of the attending OFFICERS noticed that Matthew was not breathing. Paramedics on the scene began resuscitation and transported Matthew to Mercy Medical Center. During the transport, Matthew was attached to a heart monitor but no heart beat was detected and at Mercy Medical Center, Matthew remained in a coma for several days on life support and expired.

6.     The Shasta County Sheriff's Department undertook investigation of the incident and also undertook the Coroner's duties of conducting the Coroner's investigation and in the process wasted or disposed of critical evidence that prevented the medical examiner from determining the cause of death and as of this Complaint, no autopsy on Matthew Robinson has been conducted. The cause of death was severe anoxic brain injury. Pre-death injuries were: brain trauma; displaced nasal bone fracture; twelfth left rib fracture; tenth right rib fracture (displaced); huge hematoma of left eye; and miscellaneous bruises and lacerations.

### FIRST CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS

### (Wrongful Death)

7.     PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 6 of this Complaint.

COMPLAINT FOR DAMAGES

8.    The action of Defendant DOE 1 and DOES 2 through 50 were objectively unreasonable and constituted the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution in that Decedent, Matthew Robinson, posed no danger to the Defendant or to other members of the public at the time he was beaten about the head and face with a gloved fist containing a mace can. At the time of the Defendant's beating of Decedent, Matthew Robinson, the Defendants were well aware that Matthew Robinson was a mental patient in need of medical care in a locked facility and were aware that Matthew Robinson was being transported from Butte County to the Restpadd Psychiatric Health Facility and knew that the behavior of Matthew Robinson was not the result of decisions made by Matthew Robinson but were the product of his troubled mind that required special care, treatment and protection.    Nevertheless, the Defendant, DOE 1 and other OFFICERS became enraged upon their observation of Matthew's behavior and determined in a pre-mediated manner to vindictively, viciously, and in violation of State and Federal Law, execute their own judgment against Matthew Robinson by beating him to death.

9.    As a direct and proximate result of the above described wrongful acts of the above mentioned Defendants and of the resulting injuries, Decedent was confined in Mercy Medical Center on July 19, 2014 until July 27, 2014 when Decedent died as a proximate result of injuries inflicted by Defendants beating him.

10.    From the time of Decedent's injury on July 19, 2014 until Decedent's death on July 27, 2014, Decedent suffered great physical and mental pain, shock and agony all to Decedent's damage in the sum of $5,000,000.00 (five million dollars).

11.    At the time of the events alleged in this Complaint, Decedent was a disabled person coming within the protections of the Americans with Disabilities Act and was committing no offense against the ordinances of the CITY OF REDDING or the statutes of the State of California and no allegations of criminal behavior were stated against the Decedent.    Nevertheless, the conduct of the Defendants, and each

4

COMPLAINT FOR DAMAGES

of them, deprived the Decedents of rights, privileges and immunities secured to the Decedent by the Constitution and laws of the United States and the State of California.

12.    The above described acts of Defendants were done to deprive Decedent of: (a) Decedent's right to be secure in Decedent's person against unreasonable searches and seizures and to be free from arrest, except on probable cause, supported by oath or affirmation, secured to Decedent by the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of California; (b) Decedent's right to not be deprived of life, liberty or property without due process of law secured to Decedent by the Fifth and Fourteenth Amendments to the Constitution of the United State and the Constitution of the State of California; and (c) Decedent's right to be accorded the equal protection of the laws as guaranteed to Decedent under the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of California.

13.    The above described acts of Defendant POLICE OFFICERS that resulted in the death of Decedent are part of a pattern of conduct consisting of beatings, assaults and intimidation during arrests by which Defendants acting under color of law have denied various persons the rights, privileges and immunities guaranteed to them by the Constitution and the laws of this United States.  This pattern of conduct while carried out under color of law has no justification or excuse in law or in a civilized society but instead is improper and illegal and is unrelated to any activity in which police officers may properly and legally engage in a course of conduct and in the course of their duties to enforce laws, protect persons and property or insure civil order.

14.    Defendants, CHIEF OF POLICE, ROBERT F. PAOLETTI, SUPERIOR OFFICERS, and CITY were negligent in selection, appointment, training and supervision and retention of the Defendants, DOES 1 through 5 as members of the POLICE DEPARTMENT of Defendant CITY in that (a) they appointed Defendant POLICE OFFICERS as POLICE OFFICERS when they knew or in the exercise of reasonable care should have known of the disposition of those OFFICERS to engage

COMPLAINT FOR DAMAGES

in the described unlawful conduct; (b) despite the fact that they knew or should have known that this pattern of conduct was being carried out by their agents and employees, Defendant POLICE OFFICERS, these Defendants have failed and refuse to: (i) remove Defendants from their position as POLICE OFFICERS; (ii) take any other disciplinary actions against these OFFICERS; or (iii) provide redress for citizens such as Decedent who had been injured by those OFFICERS.

15.    The above described acts of Defendant POLICE OFFICERS were done willfully, maliciously, and with callous and reckless indifference to and disregard of Decedent's safety and continued life, by reason of which Decedent was in Decedent's lifetime entitled by virtue of the statutes of the State of California to compensatory damages in a sum of $5,000,000.00 (five million dollars) and punitive damages in a sum of $10,000,000.00 (ten million dollars) and Decedent's estate is now entitled by virtue of the above noted statute to an award of such compensatory and punitive damages.

16.    By reason of the above described injuries, Decedent during Decedent's lifetime incurred necessary and reasonable medical and hospital expenses in a sum presently unknown but Plaintiffs request leave to amend when such is known and Decedent's estate incurred necessary and reasonable funeral and burial expenses in the sum presently unknown and Plaintiffs request leave to amend this Complaint when said sum becomes known.

17.    At the time of Decedent's death Decedent was 32 years of age and was suffering from bi-polar disorder that was controllable by medication.  Decedent was endowed with high intelligence, was a college graduate and ultimately was expected to be a productive citizen.  Decedent was at the time of Decedent's death, unemployed but could reasonably have been expected to prosper in a profession in the future and receive increased remuneration for such work.

18.    As a result of said use of excessive force, Plaintiffs are required to expend sums for medical care and funeral expenses for Decedent.

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION -- INJURY RESULTING IN DEATH

19.     PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 18 of this Complaint.

20.     As a result of the actions of Defendants, DOES 1 and 2 through 20, Plaintiffs' decedent was subjected to an assault and battery, false imprisonment, illegal search and seizure, excessive use of force, deliberate denial of necessary medical treatment, deprivation of liberty and property, invasion of privacy, and serious mental and physical pain and suffering.

21.     In the wrongful acts or omissions described in this Complaint, Defendant OFFICERS acted with fraud, oppression and malice.

22.     By reason of Defendants' wrongful acts or omissions described in this Complaint, Plaintiffs are entitled to recover punitive and exemplary damages against Defendant OFFICERS.

## THIRD CAUSE OF ACTION -- MUNICIPAL LIABILITY

### (Civil Rights)

23.     PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 22 of this Complaint.

24.     Defendant, CITY OF REDDING, as a matter of policy and practice has failed to discipline, train or otherwise sanction POLICE OFFICERS who violate the rights of citizens, thus encouraging Defendant OFFICERS in this case to engage in the unlawful and actionable conduct described above.

25.     Defendant, CITY OF REDDING, as a further matter of policy and practice has failed to train properly its POLICE OFFICERS including Defendant OFFICERS in this case with respect to the Constitutional, statutory, and Departmental limits of their authority, thus causing POLICE OFFICERS including Defendants to engage in unlawful and questionable conduct.

26.     Defendant, CITY OF REDDING, as a further matter of policy and practice has failed to train its POLICE OFFICERS with regard to the proper detection of and

7

response to persons who are suffering from mental disturbance or disease. In particular, Defendant, CITY OF REDDING, has failed to train its OFFICERS to distinguish properly between medically caused actions of mentally disturbed persons and the actions of those whose actions are criminal. As a consequence of the policy and practice of Defendant, CITY OF REDDING, POLICE OFFICERS, including Defendant OFFICERS in this case, violate the rights of persons, including Plaintiffs' Decedent, who are in need only of medical treatment for their mental condition.

27.    Defendant, CITY OF REDDING, as further matter of policy and practice has failed both to establish appropriate procedures and to train its POLICE OFFICERS so as to insure that persons who encounter REDDING POLICE OFFICERS receive necessary medical care and to insure that persons in contact are protected from aggravation of existing medical or other mental conditions and disabilities thereby causing injuries to persons so encountered.

**FOURTH CAUSE OF ACTION CLAIM -- WRONGFUL DEATH UNDER STATE LAW**

28.    PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 27 of this Complaint.

29.    As a direct and proximate result of the assault and battery described above, Decedent died within four days of the beating inflicted by Defendants.

30.    In committing the assault and battery described above, Defendant, DOE 1 POLICE OFFICER acted with oppression, fraud or malice entitling Plaintiffs to an award of punitive damage against Defendant POLICE OFFICER DOE 1.

31.    While OFFICER DOE 1 was committing the assault, an unknown number of REDDING POLICE OFFICERS observed the beating of Plaintiffs' Decedent and took no action to intervene but tacitly approved in the assault and battery by Defendant, thereby acting with oppression, fraud, or malice entitling Plaintiffs to an award of punitive damages against said POLICE OFFICERS.

32.    On August 25, 2014, Plaintiffs presented to Defendant CITY OF REDDING pursuant to Government Code §905, a Claim for Injuries and Damages

8

sustained by Plaintiffs as a result of the incident described in this Complaint. A copy of the Claim is attached as Exhibit "A" and incorporated by reference. Defendant, CITY OF REDDING, had until October 9, 2014 (45 days after the date of presentation of the Claim) to act on Plaintiffs' Claim but failed to do so within that time. As a result, Plaintiffs' Claim is deemed rejected pursuant to Government Code §912.4(c).

## FIFTH CAUSE OF ACTION – VIOLATION OF CALIFORNIA CODE OF CIVIL PROCEDURE 51.7 ET SEQ.

33.    PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 32 of this Complaint.

34.    At all times mentioned in this Complaint, California Civil Code §51.7(a) et seq provided that "all persons have the right to be free from violence … committed against persons" because of disability.

35.    At the time of Defendant's beating of Matthew Robinson, Matthew Robinson was suffering from the recognized disability known as bi-polar disorder. Each of the Defendants were aware of Decedent's disorder and became emotionally and aggressively aroused toward Matthew Robinson because of the disorder and their own ignorance and lack of training on how to deal with persons suffering from such disorder.

36.    In doing the acts set forth in this Complaint, Defendants and each of them violated the rights and protections provided to PLAINTIFFS and PLAINTIFFS' Decedent under California Civil Code §51.7 et seq and California Civil Code §52 et seq.

WHEREFORE, PLAINTIFFS DEMAND JUDGMENT AGAINST DEFENDANTS for each cause of action herein:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages (OFFICERS only);

4.    For costs of suit;

COMPLAINT FOR DAMAGES

1        5.      For prejudgment interest and post judgment interest according to law;

2    and

3        6.      For such other further relief as the Court may deem proper.

4                      **DEMAND FOR JURY TRIAL**

5        Plaintiffs, KATHERINE ROBINSON and WILLIAM ROBINSON, demand a jury

6    trial.

7

8    Dated: December 11, 2014          THE LAW OFFICE OF LARRY L. BAUMBACH

9

10

11                              LARRY L. BAUMBACH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

EXHIBIT "A"

File Claim With:

**Office of City Clerk
City of Redding**
777 Cypress Avenue, 3rd Floor
**P.O. Box 496071
Redding, CA 96049-6071**



**CLAIM FOR MONEY OR
DAMAGES AGAINST
THE CITY OF REDDING**

City Claim #LC-    -

A claim must be presented to a public agency, as required by the Government Code of the State of California, Section 910. Before completing this form, please read the attached instructions. You must complete each section of this form or your claim may be returned to you as insufficient.

If additional space is needed to provide your information, please attach sheets, identifying the paragraph(s) being answered.

**1.    Name and address of the Claimant:**

Name of Claimant: Kathryn & William Robinson        Date of Birth:

Address:        #12 Circle Six

Orland, CA  95963

**2.    Address to which the person presenting the claim desires notices to be sent:**

Name of Addressee:  Larry L. Baumbach        Telephone: (530)891-6222

Address:        686 Rio Lindo Avenue

Chico, CA  95926

**3.    The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.**

Date of Occurrence:  July 20, 2014        Time of Occurrence:  12:30 a.m.

Location:        Restpadd Psychiatric Health Facility

Circumstances giving rise to this claim: Claimants' son, Matthew Robinson, age 33, was being transported from Enloe Medical Center in Chico to Restpadd Psychiatric Health Facility in Redding.  Unknown Redding Police Officers were called to the scene, beat Matthew into a coma.  Matthew was taken to Mercy Medical Center where he died of injuries inflicted by the officers.

**4.    General description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of the presentation of the claim.  What specific damage or injury are you claiming?**

The City of Redding and the Redding Police Department, as well as the officers, are liable for the death of Matthew and for assault, battery, infliction of emotional distress, violation of civil rights, and of 42 U.S.C. 1983.  The claimants are the surviving parents of Matthew.

5.  The name or names of the public employee or employees causing the injury, damage, or loss, if known.

   Unidentified Redding Police Officers

6.  Was the Police Department or other law enforcement agency contacted? If yes, please provide a police report number and name of agency.

   | X | | | | Redding Police Department |
   | Yes | No | | Police Report No. | Name of Agency |

7.  Names and addresses of all witnesses, hospitals, doctors, or other individuals having knowledge relevant to the claim:

   Mercy Medical Center -- Redding

8.  If auto accident, please complete the following:

   Claimant's Vehicle License No.                    Year/Make/Model

   City's Vehicle License No.                    Year/Make/Model              Name of Department

9.  **If amount claimed totals less than $10,000:** The amount claimed, if less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.

   Amount Claimed and basis for computation:

   **If amount claimed exceeds $10,000:** If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case. A limited civil case is one where the recovery sought, exclusive of attorney fees, interest and court costs does not exceed $25,000. An unlimited civil case is one in which the recovery sought is more than $25,000. (See CCP § 86.)

   [ ] Limited Civil Case          [X] Unlimited Civil Case

   **Warning:** Presentation of a false claim is a felony (Penal Code §72). Pursuant to CCP §1038, the City/Agency may seek to recover all costs of defense in the event an action is filed which is later determined not to have been brought in good faith and with reasonable cause. I declare under penalty of perjury that the foregoing is true and correct. Please sign below.

   Signature: _____          Date: 8-25-2014

   Revised: 04/03/2003