1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KATHERINE ROBINSON; and                        No.  2:14-cv-02910-KJM-KJN
     WILLIAM ROBINSON,
12
                    Plaintiffs,
13                                                   ORDER
             v.
14
     COUNTY OF SHASTA, et al.,[1]
15
                    Defendants.
16

17

18          This matter is before the court on the motion by defendants Shasta County

19   (County) and Shasta County Sheriff's Department (Sheriff's Department) (collectively,

20   defendants) to dismiss plaintiffs' first amended complaint, arguing it is not possible to

21   _____

22          [1]  Plaintiffs have also sued Doe defendants.  The Ninth Circuit has held that if a
     defendant's identity is not known before the complaint is filed, a "plaintiff should be given an
23   opportunity through discovery to identify the unknown defendants."  *Wakefield v. Thompson*, 177
     F.3d 1160, 1163 (9th Cir. 1999) (quotation marks omitted) (quoting *Gillespie v. Civiletti*, 629
24   F.2d 637, 642 (9th Cir. 1980)).  Plaintiffs are warned, however, that Doe defendants will be
     dismissed if "it is clear that discovery would not uncover the[ir] identities, or that the complaint
25   would be dismissed on other grounds."  *Id.* (quotation marks omitted) (quoting *Gillespie*, 629
     F.2d at 642).  Plaintiffs are also warned that Federal Rule of Civil Procedure 4(m) is applicable to
26   Doe defendants.  That rule provides the court must dismiss defendants who have not been served
     within 120 days after the filing of the complaint unless good cause is shown.  *See Glass v. Fields*,
27   No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v.*
     *Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).
28
                                                1

1    comprehend the essence of the allegations against the County defendants.  (ECF No. 13 at 1.)  In

2    the alternative, they argue the complaint against them should be dismissed under Federal Rule of

3    Civil Procedure 12(b)(6)[2] because the County defendants did not participate in the incident at

4    issue.  (*Id.* at 1–2.)  Plaintiffs believe defendants' motion is better understood as a motion for a

5    more definite statement under Rule 12(e).  (ECF No. 17 at 1.)  In the alternative, if the court were

6    to treat defendants' motion as a Rule 12(b)(6) motion and grant it, plaintiffs request leave to

7    amend.  (*Id.* at 2.)

8                    The court held a hearing on the matter on April 24, 2015.  Larry Baumbach

9    appeared for plaintiffs and James Ross for defendants.  After having carefully considered the

10   parties' briefs, oral arguments, and the record, the court GRANTS defendants' motion with leave

11   to amend in part.

12   I.       BACKGROUND

13                   Plaintiffs, individually and as co-administrators of William Robinson's estate,

14   bring this action under 42 U.S.C. § 1983.  (Compl. ¶ 1, ECF No. 9.)  Plaintiffs are the decedent's

15   parents and his only surviving heirs.  (*Id.*)  Defendants are alleged to have been "charged with

16   conducting the duties of coroner for all deaths occurring within Shasta County."  (*Id.* ¶ 2.)

17                   On July 20, 2014,[3] the decedent was transported in a transportation vehicle from

18   the Enloe Medical Center in Chico, California to the RestPadd Psychiatric Health Facility in

19   Redding, California for rehabilitation and treatment purposes.  (*Id.* ¶ 7.)  Upon arrival, the

20   decedent became severely agitated while in the back seat.  (*Id.*)  Because of the decedent's mental

21   state, RestPadd did not admit him into the facility and recommended he be taken to the Mercy

22   Medical Center.  (*Id.*)  Upon arrival at the Mercy Medical Center, the medical transport driver

23   called Redding Police to assist with removing decedent from the car.  (*Id.*)  Two Redding police

24   officers arrived and attempted to remove the decedent from the car.  (*Id.*)  The decedent resisted;

25   he "attempt[ed] to pull away."  (*Id.*)  The officers ultimately took him to the ground, and while on

26   _____

          [2]  All further references to the Federal Rules of Civil Procedure are in short form.

27

28        [3]  Defendants contend the correct date is July 19, 2014.  (ECF No. 13 at 2.)  Plaintiffs
     should address this discrepancy in their second amended complaint.

1    the ground, one of the police officers began beating him. (*Id.*)  When the decedent had stopped

2    breathing, the paramedics on the scene began resuscitation, and the decedent was later taken to

3    the Mercy Medical Center. (*Id.*)  The decedent remained in a coma until he passed away on July

4    27, 2014. (*Id.* ¶¶ 7, 11.)

5            The only paragraph in the complaint that pertains to the County and the Sheriff's

6    Department alleges as follows:

7            The Shasta County Sheriff's Department undertook investigation of
             the incident and also undertook the Coroner's duties of conducting
8            the Coroner's investigation and in the process wasted or disposed of
             critical evidence that prevented the medical examiner from
9            determining the cause of death.  The cause of death was severe
             anoxic brain injury.  Pre-death injuries were: brain trauma;
10           displaced nasal bone fracture; twelfth left rib fracture; tenth right
             rib fracture (displaced); huge hematoma of left eye; and
11           miscellaneous bruises and lacerations.

12   (*Id.* ¶ 8.)

13           The operative complaint alleges six claims: (1) wrongful death; (2) injury resulting

14   in death; (3) municipal liability; (4) wrongful death under state law; (5) violation of California

15   Civil Code section 51.7; and (6) negligent hiring. (*See generally* ECF No. 9.)  Defendants move

16   to dismiss plaintiffs' complaint (ECF No. 13); plaintiffs oppose the motion (ECF No. 17), and

17   defendants have replied (ECF No. 18).

18   II.      LEGAL STANDARD

19           Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

20   complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss

21   "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a

22   cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23           Although a complaint need contain only "a short and plain statement of the claim

24   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to survive a motion to

25   dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim

26   to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

27   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

28   more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

                                                    3

conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

III.    DISCUSSION

A.  Sheriff's Department

At the hearing on the instant motion, plaintiffs conceded that the Sheriff's Department should be dismissed with prejudice because the County is the proper entity to be named as a defendant in this case.  *See Melendres v. Arpaio*, No. 13-16285, 2015 WL 1654550, at *3 (9th Cir. Apr. 14, 2015) (ordering Maricopa County be substituted as a party in lieu of the Maricopa County Sheriff's Office).  Accordingly, the court DISMISSES the Sheriff's Department with prejudice.

B.  State-Law Claims

At the hearing on the instant motion, the parties similarly agreed that plaintiffs' state-law claims against the County should be dismissed with prejudice.  Therefore, according to the parties' stipulation, the court DISMISSES plaintiffs' state-law claims against the County with prejudice.

/////

/////

4

C. Plaintiffs' Remaining Claims

As to plaintiffs' remaining claims, the court finds the allegations of the complaint are insufficient to give notice of the nature of the claim or claims under which plaintiffs seek to proceed.  In their opposition brief, however, plaintiffs attest that they can amend the complaint, consonant with Rule 11, to state a viable claim against the County.  (*See* ECF No. 17 at 2 ("[I]t is the position of Plaintiffs that a revision of Plaintiffs' complaint can clarify the allegations against the County so as to constitute a violation of . . . Plaintiffs' rights under 42 U.S.C 1983 [sic].")). *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("A claim is the aggregate of operative facts which give rise to a right enforceable in the courts." (internal quotation marks omitted)).  At the hearing on the instant motion, plaintiffs' counsel reaffirmed that position and stated that he could allege sufficient facts showing the County's improper performance of the Coroner's duties.  The court thus GRANTS defendants' motion to dismiss with leave to amend. In granting plaintiffs leave to amend, the court reminds counsel that as a matter of good practice, each claim should be separately numbered under a separate heading briefly identifying the nature of the claim asserted and the defendants against whom the claim is asserted.

IV.    MEET AND CONFER EFFORTS

This court's Standing Order requires parties to meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution before filing a motion.  (Standing Order at 3, ECF No. 3-1.)  The purpose of this requirement is to allow plaintiff's counsel to carefully evaluate defendant's contentions and determine whether an agreement can be reached to cure any defects.  (*Id.*)  Counsel should resolve minor procedural or other non-substantive matters during these discussion.  (*Id.*)

Here, despite the repeated efforts of defendants' counsel to engage in meet and confer with plaintiffs' counsel on three occasions, including their offer to stipulate to a further amendment, plaintiffs' counsel did not respond.  (ECF No. 13-1 at 3–4.)  At the hearing, plaintiffs' counsel accepted responsibility for his failures.  Given the explanation and acceptance of responsibility, the court declines to sanction him.  However, the court cautions plaintiffs'

/////

1  counsel that he will likely be sanctioned for any future failures to comply with the court's

2  Standing Order.

3  V.      CONCLUSION

4          For the foregoing reasons, the court orders as follows:

5          1.   The Shasta County Sheriff's Department is dismissed with prejudice.

6          2.   Plaintiffs' state law claims are dismissed with prejudice.

7          3.   Plaintiffs' remaining claims are dismissed with leave to amend.

8          4.   Plaintiffs' second amended complaint is due within fourteen (14) days from the

9               date of this order.

10         5.   This order resolves ECF No. 13.

11         IT IS SO ORDERED.

12  DATED:  May 4, 2015.

13

14                                              _____
                                                UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28