**GARY BRICKWOOD (SBN 94892)**
**BRICKWOOD LAW OFFICE**
1135 Pine St., Suite 210
Redding, CA 96001
Tel  (530) 245-1877
Fax (530) 245-1879

Attorneys for Defendants
CITY OF REDDING, ROBERT F. PAOLETTI, REDDING POLICE OFFICERS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHERINE ROBINSON; and WILLIAM ROBINSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>COUNTY OF SHASTA; SHASTA SHERIFF'S DEPARTMENT; CITY OF REDDING, CITY OF REDDING POLICE DEPARTMENT; ROBERT F. PAOLETTI; REDDING POLICE OFFICERS, CORPORAL M. WOODS, BADGE #321, REDDING POLICE OFFICER A. HOLLEMON,#168; and REDDING POLICE OFFICERS as DOES 1 through DOES 50. | Case No.: 2:14-cv-02910-KJM-KJN<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS** |

The parties, by and through their respective attorneys of record, hereby stipulate to the following protective order being issued in this matter:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following

STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS
1

Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

    2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery by any Party in this matter.

    2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).  This material includes, but is not limited to, medical records of the parties, as well as officer personnel records marked "CONFIDENTIAL" and other similar confidential records designated as such.

    2.4    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.5    <u>Producing Party:</u>  a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.6    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    2.7    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential."

  2.8 Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  2.9 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

  2.10 Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

 Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

  5.1 Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not

1  warranted are not swept unjustifiably within the ambit of this Order.

2       Mass, indiscriminate, or routine designations are prohibited.  Designations that are
3  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
4  unnecessarily encumber or retard the case development process, or to impose unnecessary
5  expenses and burdens on other parties), expose the Designating Party to sanctions.
6  If it comes to a Party's or a non-party's attention that information or items that it designated for
7  protection do not qualify for protection at all, that Party or non-party must promptly notify all
8  other parties that it is withdrawing the mistaken designation.

9       5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this
10 Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or
11 ordered, material that qualifies for protection under this Order must be clearly so designated
12 before the material is disclosed or produced.  Designation in conformity with this Order
13 requires:

14         (a)    <u>for information in documentary form</u> (apart from transcripts of
15 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend or
16 watermark "CONFIDENTIAL" on each page that contains protected material.  If only a
17 portion or portions of the material on a page qualifies for protection, the Producing Party also
18 must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
19 margins) and must specify, for each portion that it is "CONFIDENTIAL."  A Party or non-
20 party that makes original documents or materials available for inspection need not designate
21 them for protection until after the inspecting Party has indicated which material it would like
22 copied and produced.  After the inspecting Party has identified the documents it wants copied
23 and produced, the Producing Party must determine which documents, or portions thereof,
24 qualify for protection under this Order, then, before producing the specified documents, the
25 Producing Party must affix the designation "CONFIDENTIAL" on each page that contains
26 Protected Material.  If only a portion or portions of the material on a page qualifies for
27 protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making
28 appropriate markings in the margins) and must specify that the material is "CONFIDENTIAL."

1  b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL."  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Order.

///

///

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith with counsel for the Designating Party by way of a meet and confer process.  Counsel agree to begin the meet and confer process directly.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3    Judicial Intervention.  If after meet and confer, disagreements remain regarding a designation, the parties may seek court intervention under the applicable Fed. Rules of Civil Procedure and Local Rules and any Standing Orders of the Presiding Judge or Magistrate Judge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to treat the material in question as "CONFIDENTIAL."

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).  Protected Material must be stored and maintained

1 by a Receiving Party at a location and in a secure manner that ensures that access is limited to
2 the persons authorized under this Order.

3       7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise
4 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
5 disclose any information or item designated CONFIDENTIAL only to:

6       (a)      the Receiving Party's counsel of record in this action, as well as
7 employees of said Counsel to whom it is reasonably necessary to disclose the information for
8 this litigation;

9       (b)      the officers, directors, employees, of the Receiving Party to whom
10 disclosure is reasonably necessary for this litigation;

11       (c)      experts (as defined in this Order) of the Receiving Party to whom
12 disclosure is reasonably necessary for this litigation;

13       (d)      the Court and its personnel;

14       (e)      court reporters, their staffs, and professional vendors to whom disclosure
15 is reasonably necessary for this litigation;

16       (f)      during their depositions, witnesses in the action to whom disclosure is
17 reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that
18 reveal Protected Material must be separately bound by the court reporter and may not be
19 disclosed to anyone except as permitted under this Stipulated Protective Order.

20       (g)      the author of the document or the original source of the information.

21 8.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

22 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
23 Material to any person or in any circumstance not authorized under this Stipulated Protective
24 Order, the Receiving Party must immediately:   (a) notify in writing the Designating Party of
25 the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected
26 Material, (c) inform the person or persons to whom unauthorized disclosures were made of all
27 the terms of this Order, and (d) request such person or persons to be bound by the Stipulated
28 Protective Order.

1 | 9.     FILING PROTECTED MATERIAL

2 |     Without written permission from the Designating Party or a court order secured after
3 | appropriate notice to all interested persons, a Party may not file in the public record in this
4 | action any Protected Material.  A Party that seeks to file under seal any Protected Material
5 | must comply with Civil Local Rule 141.

6 | 12.    FINAL DISPOSITION

7 | Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days
8 | after the final termination of this action, defined as the dismissal or entry of judgment by the
9 | district court, or if an appeal is filed, the disposition of the appeal, each Receiving Party must
10 | return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected
11 | Material" includes all copies, abstracts, compilations, summaries or any other form of
12 | reproducing or capturing any of the Protected Material.  With permission in writing from the
13 | Designating Party, the Receiving Party may destroy some or all of the Protected Material
14 | instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving
15 | Party must submit a written certification to the Producing Party (and, if not the same person or
16 | entity, to the Designating Party) by the sixty day deadline that identifies (by category, where
17 | appropriate) all the Protected Material that was returned or destroyed and that affirms that the
18 | Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms
19 | of reproducing or capturing any of the Protected material.  Notwithstanding this provision,
20 | Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal
21 | memoranda, correspondence or attorney work product, even if such materials contain Protected
22 | Material.  Any such archival copies that contain or constitute Protected Material remain subject
23 | to this Protective Order as set forth in Section 4 (DURATION), above.

24 | 13.    MISCELLANEOUS

25 |     13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person
26 | to seek its modification by the Court in the future.

27 | ///

28 | ///

STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS
8

13.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  February 8, 2016                                    Respectfully submitted,

                                                         BRICKWOOD LAW OFFICE

                                                         */s/*     *GARY BRICKWOOD*
                                                       GARY BRICKWOOD
                                                       Attorneys for Defendant
                                                       CITY OF REDDING

DATED:  January 29, 2016                                    LAW OFFICE OF LARRY L. BAUMBACH

                                                         */s/*     *LARRY L. BAUMBACH*
                                                       LARRY L. BAUMBACH
                                                       Attorneys for Plaintiffs
                                                       KATHERINE and WILLIAM ROBINSON

PURSUANT TO STIPULATION, IT IS SO ORDERED.  However, the court emphasizes that:

1. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.
2. The parties must comply with the provisions related to sealing motions outlined in Judge Mueller's pretrial scheduling order, including but not limited to sections IV and VII of that order.  (See ECF No. 40.)  To the extent that there is any inconsistency, the pretrial scheduling order shall govern.

Dated:  February 24, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE