LARRY L. BAUMBACH
SBN 50086
Law Office of Larry L. Baumbach
2531 Forest Avenue, Suite 100
Chico, California 95928
Telephone: (530)891-6222
Fax: (530)852-3969

Attorneys for Plaintiffs
KATHERINE and WILLIAM ROBINSON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBINSON; and WILLIAM ROBINSON,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SHASTA; SHASTA SHERIFF'S DEPARTMENT; SHASTA COUNTY DETECTIVE, GENE RANDALL; SHASTA COUNTY CORONER INVESTIGATOR, JENELLE BARTOLO, BADGE #1027; CITY OF REDDING; CITY OF REDDING POLICE CHIEF, ROBERT F. PAOLETTI; REDDING POLICE OFFICER, CORPORAL M. WOODS, BADGE #321; REDDING POLICE OFFICER, A. HOLLEMON, BADGE #168; REDDING POLICE OFFICER TIMOTHY RENAULT; REDDING POLICE OFFICER CHRISTOPHER SMYRNOS; and REDDING POLICE OFFICERS as DOE 1 through DOE 50.<br><br>Defendants | Case No.: 2:14-cv-02910-KJM-KJN<br><br>**FOURTH AMENDED COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

## JURISDICTION and VENUE

1.      This action is brought by Plaintiffs, KATHERINE ROBINSON and WILLIAM ROBINSON, individually and as co-administrators of the estate of decedent, Matthew Robinson, who dies intestate, pursuant to 42 U.S.C. §1983 to redress the

1

violation of Matthew Robinson's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and by California Code of Civil Procedure 51.7, et seq and California laws, rules and regulations. This Court has jurisdiction of this action under 28 U.S.C. §1143, and 28 U.S.C. §1331. Plaintiffs are the surviving parents of Decedent, Matthew Robinson, who has no other heirs surviving him.

2. Defendant, COUNTY OF SHASTA, was at all times a body politic within the State of California, charged with conducting the duties of coroner for all deaths occurring within Shasta County.

3. Defendants, CITY OF REDDING, and DOES 1 through 50, are and were at all times mentioned herein, a city located in Shasta County, California; law enforcement OFFICERS DOES 1-50 and Defendants WOODS and HOLLEMON are employed by the CITY OF REDDING. Said OFFICERS are sued individually and in their official capacity. At all times herein mentioned, Defendants DOES 1 through 50 were acting under color of state law.

4. Defendant, POLICE CHIEF ROBERT F. PAOLETTI, was at all times mentioned herein the POLICE CHIEF of the CITY OF REDDING and was responsible for hiring, firing, training, supervising and disciplining members of the REDDING POLICE DEPARTMENT and of Defendants DOES 1-50.

5. At all times herein mentioned, Defendant REDDING POLICE DEPARTMENT OFFICER, CORPORAL M. WOODS, Badge #321 and Defendant REDDING POLICE DEPARTMENT OFFICER, A. HOLLEMON, Badge #168, were sworn REDDING POLICE OFFICERS, on duty, in uniform, acting under color of California law, as well as under the policies, procedures, and regulations of the REDDING POLICE DEPARTMENT and the CITY OF REDDING.

6. The Defendant, CITY OF REDDING, is and was at all times mentioned herein a body politic located in Northern California and within the Eastern District

Federal Court and employed the REDDING POLICE OFFICERS mentioned herein and was organized and exist under and by virtue of the laws of the State of California.

7. Sheriff's Deputies or Officers, DETECTIVE GENE RANDALL and JENELLE BARTOLO, Badge #1027, at all times herein were employed as Law Enforcement and Coroner Investigator and were acting in the course and scope of their employment and are sued in both their individual and official capacity.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. At all times relevant, Redding Police Officers Timothy Renault and Officer Christopher Smyrnos were on duty, in uniform, acting under color of California law, as well as under the policies, practices, procedures and regulations of the Redding Police Department and the City of Redding.

9. On or about Sunday, July 19, 2014, decedent was being transported from the Enloe Medical Center in Chico, California to the Restpadd Psychiatric Health Facility in Redding, California. At the time of the transport, Matthew Robinson was in a state of mental upset and did not have cognitive control of his person and was being sent to Restpadd Psychiatric Health Facility for rehabilitation and treatment. Upon arriving at the Restpadd Facility, and while in the transportation vehicle which completely confined him to the backseat of the vehicle, Matthew Robinson became severely agitated. Attendants from the Restpadd Psychiatric Health Facility observed Matthew Robinson in the confined space of the back of the transport vehicle and determined that he was not sufficiently calm for admittance into the facility and recommended that the transport driver take Mr. Robinson to the Mercy Medical Center. Thereupon, knowing that the police would be needed to remove Matthew Robinson from the rear of the vehicle, either at the Restpadd Psychiatric Health Facility or at the hospital, the medical transport driver called POLICE for assistance. Upon arrival, REDDING POLICE OFFICERS, Defendants, WOODS and HOLLEMON were in uniform, on duty, and driving marked Redding Police vehicles arrived at the scene and expressed strong resentment at having to deal with "Butte County bullshit". Defendant,

WOODS, announced to Matthew Robinson that he must remove himself from the vehicle or the officer would "beat his ass". Upon attempting to remove Matthew Robinson from the transport vehicle, the Officers encountered resistance in the form of Matthew attempting to pull away. Matthew repeatedly stated that someone was after him. Matthew Robinson was ultimately taken to the ground. While on the ground and on his back, his head was restrained while Defendant WOODS beat him, using a gloved hand containing a mace can which the OFFICER used to increase the force of his blows and struck Matthew Robinson in the face approximately 10 times while restraining Matthew's head. Matthew's beating left blood splatter on WOODS face, uniform and on surrounding surfaces. Matthew thereupon lost consciousness. An unknown period of time passed before one of the attending OFFICERS noticed that Matthew was not breathing. Paramedics on the scene began resuscitation and transported Matthew to Mercy Medical Center. During the transport, Matthew was attached to a heart monitor but no heart beat was detected and at Mercy Medical Center, Matthew remained in a coma for several days on life support and expired.

10. The Shasta County Sheriff's Department undertook investigation of the incident and also undertook the Coroner's duties of conducting the Coroner's investigation and in the process wasted or disposed of critical evidence that prevented the medical examiner from determining the cause of death. The cause of death was severe anoxic brain injury. Pre-death injuries were: brain trauma; displaced nasal bone fracture; twelfth left rib fracture; tenth right rib fracture (displaced); huge hematoma of left eye; and miscellaneous bruises and lacerations.

### FIRST CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS
**(Wrongful Death as to Redding Defendants Only)**

11. PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 10 of this Complaint. Plaintiffs allege this First Cause of Action both as the parents of Matthew and as administrators of his estate.

12. As a cause of action against Defendants, CITY OF REDDING, REDDING POLICE DEPARTMENT, OFFICERS TIMOTHY RENAULT and CHRISTOPHER SMYRNOS and each of them, Plaintiffs allege:

On the night of July 19, 2014 at approximately 10:00 p.m. Defendants OFFICER RENAULT and OFFICER SMYRNOS while on duty in the CITY OF REDDING in their REDDING POLICE DEPARTMENT uniforms, the Defendants and each of them conspired to and in fact did deprive Decedent of life and liberty as would shock the conscious in violation of Decedent's rights to same and guaranteed by the Fourth and Fifth Amendments to the United States Constitution. Defendants and each of them also deprived Decedent of the right not to be deprived of life and liberty without due process of law as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. All of the rights of Decedent as set forth were violated by Defendants and each of them by the use of brutal, excessive, unreasonable and unnecessary physical force upon the person of Decedent, as more specifically set forth. More specifically, Defendants and each of them violated Decedent's rights as follows: Decedent, Matthew Robinson, had been restrained with his hands cuffed behind his back and his feet pressed against his buttocks attached to leg restraints. Matthew was bleeding profusely from facial wounds. Decedent's nose was broken causing the emitting of profuse bleeding. Blood and mucous emitting from Decedent's nose covered Decedent's face. Blood covered a large area of the sidewalk and wall of the entryway to Restpadd. With a conscious disregard for the safety of Decedent, Defendants OFFICER RENAULT and OFFICER SMYRNOS conspired to put in place a device known as a "spit mask" over the head of the Decedent. Both the Officer standards promulgated by the CITY OF REDDING and the warnings attached to the package containing the spit mask warned the OFFICERS that use of the spit mask in situations where the subject is bleeding and/or sweating and/or having mucous come out of his nose or mouth is contraindicated because the mask will accumulate the mucous, blood and sweat on the interior of the mask making it impossible for the

FOURTH AMENDED COMPLAINT FOR DAMAGES

subject to breathe. It was the practice of REDDING POLICE DEPARTMENT OFFICERS to use the spit mask in a careless and routine manner in complete and utter disregard of the precautions required. Upon affixing the mask to the Decedent and after the brief passage of time, one of the OFFICERS noticed that the Decedent was not breathing thereupon causing an emergency medical condition. Chest compressions were administered to the Decedent to restore his heartbeat. Notwithstanding the efforts to resuscitate the Decedent, he was taken by ambulance to Mercy Hospital where he was kept on life support until his death on July 27, 2014.

14. PLAINTIFFS are informed and believe and allege that Defendants, CITY OF REDDING, CITY OF REDDING POLICE DEPARTMENT, and OFFICERS RENAULT AND SMYRNOS utilized the above method of placing the spit mask pursuant to the policy and procedures of Defendant CITY and Defendant POLICE DEPARTMENT which policy and procedure authorized and permitted such a method of restraining mental patients without consideration of the degree or nature of the care for which the patient is in need and without regard to the constitutional rights of life, liberty and due process of the restrained Decedent.

15. As a proximate result of the conduct of Defendants and each of them as set forth, the Decedent suffered mental, physical, and emotional pain and suffering resulting in his death and was deprived of his constitutional rights of life, liberty and due process, all to Decedent's damages in the sum of $5,000,000.

16. The conduct of Defendants, CITY OF REDDING, CITY OF REDDING POLICE DEPARTMENT, OFFICER RENAULT, OFFICER SMYRNOS, OFFICER WOODS, and OFFICER HOLLEMON was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of the Decedent and therefore warrants the imposition of exemplary and punitive damages in the sum of $5,000,000 as to each of the Defendants.

17. WHEREFORE PLAINTIFF PRAYS for judgment against the Defendants and each of them as follows: (1) Compensatory damages in the sum of $10,000,000;

(2) Punitive damages in the sum of $5,000,000 against only the following Defendants; (3) the cost of suit incurred; (4) for reasonable attorney's fees; and (5) for such other and further relief as the Court may deem proper.

18. The action of Defendant WOODS and HOLLEMON were objectively unreasonable and constituted the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution in that Decedent, Matthew Robinson, posed no danger to the Defendants or to other members of the public at the time he was beaten about the head and face with a gloved fist containing a mace can. At the time of the Defendant's beating of Decedent, Matthew Robinson, the Defendants were well aware that Matthew Robinson was a mental patient in need of medical care in a locked facility and were aware that Matthew Robinson was being transported from Butte County to the Restpadd Psychiatric Health Facility and knew that the behavior of Matthew Robinson was not the result of decisions made by Matthew Robinson but were the product of his troubled mind that required special care, treatment and protection. Nevertheless, the Defendant WOODS and Defendant HOLLEMON became enraged upon their observation of Matthew's behavior and determined in a pre-mediated manner to vindictively, viciously, and in violation of State and Federal Law, execute their own judgment against Matthew Robinson by causing his death.

19. The actions of Defendants Officer RENAULT and Officer SMYRNOS were objectively unreasonable and constituted excessive force and dangerous restraint and constituted violation of the Fourth and Fourteenth Amendments to the United States Constitution in that Decedent, Matthew Robinson, posed no danger to the Defendants or to other members of the public at the time the spit mask was applied to his mouth and nose effectively and significantly cutting off his air supply causing his death by asphyxiation. At the time of the Defendants' placing the spit mask on Decedent, Matthew Robinson, the Defendants were well aware that Matthew Robinson was a mental patient in need of medical care in a locked facility and were aware that Matthew Robinson was being transported from Butte County to the Restpadd

Psychiatric Health Facility and knew that the behavior of Matthew Robinson was not the result of decisions made by Matthew Robinson but were the product of his troubled mind that required special care, treatment and protection. Nevertheless, the Defendant RENAULT and Defendant SMYRNOS used unreasonable excessive force and dangerous restraint by applying the spit mask over Decedent, Matthew Robinson's mouth and nose which effectively and significantly cut off his air supply causing his death by asphyxiation.

20. As a direct and proximate result of the above described wrongful acts by the above mentioned Defendants and of the resulting injuries, Decedent was confined in Mercy Medical Center on July 19, 2014 until July 27, 2014 when Decedent died as a proximate result of injuries inflicted by Defendants.

21. From the time of Decedent's injury on July 19, 2014 until Decedent's death on July 27, 2014, Decedent suffered great physical and mental pain, shock and agony all to Decedent's damage in the sum of $5,000,000.00 (five million dollars).

22. At the time of the events alleged in this Complaint, Decedent was a disabled person coming within the protections of the Americans with Disabilities Act and was committing no offense against the ordinances of the CITY OF REDDING or the statutes of the State of California and no allegations of criminal behavior were stated against the Decedent. Nevertheless, the conduct of the Defendants, and each of them, deprived the Decedents of rights, privileges and immunities secured to the Decedent by the Constitution and laws of the United States and the State of California.

23. The above described acts of Defendants were done to deprive Decedent of: (a) Decedent's right to be secure in Decedent's person against unreasonable searches and seizures and to be free from arrest, except on probable cause, supported by oath or affirmation, secured to Decedent by the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of California; (b) Decedent's right to not be deprived of life, liberty or property without due process of law secured to Decedent by the Fifth and Fourteenth Amendments to the Constitution

of the United State and the Constitution of the State of California; and (c) Decedent's right to be accorded the equal protection of the laws as guaranteed to Decedent under the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of California.

24. By reason of the above described injuries, Decedent during Decedent's lifetime incurred necessary and reasonable medical and hospital expenses in a sum presently unknown but Plaintiffs request leave to amend when such is known and Decedent's estate incurred necessary and reasonable funeral and burial expenses in the sum presently unknown and Plaintiffs request leave to amend this Complaint when said sum becomes known.

25. At the time of Decedent's death Decedent was 32 years of age and was suffering from bi-polar disorder that was controllable by medication. Decedent was endowed with high intelligence, was a college graduate and ultimately was expected to be a productive citizen. Decedent was at the time of Decedent's death, unemployed but could reasonably have been expected to prosper in a profession in the future and receive increased remuneration for such work.

26. As a result of said use of excessive force, Plaintiffs are required to expend sums for medical care and funeral expenses for Decedent.

## SECOND CAUSE OF ACTION -- INJURY RESULTING IN DEATH
### (As to Redding Defendants Only)

27. PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 26 of this Complaint.

28. As a result of the actions of Defendants, DOES 1 and 2 through 20, Plaintiffs' decedent was subjected to an assault and battery, false imprisonment, illegal search and seizure, excessive use of force, deliberate denial of necessary medical treatment, deprivation of liberty and property, invasion of privacy, and serious mental and physical pain and suffering.

FOURTH AMENDED COMPLAINT FOR DAMAGES

29. In the wrongful acts or omissions described in this Complaint, Defendant OFFICERS acted with fraud, oppression and malice.

30. By reason of Defendants' wrongful acts or omissions described in this Complaint, Plaintiffs are entitled to recover punitive and exemplary damages against Defendant OFFICERS.

### THIRD CAUSE OF ACTION -- MUNICIPAL LIABILITY
### (Civil Rights as to Redding Defendants Only)

31. PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 30 of this Complaint.

32. The above described acts of Defendant POLICE OFFICERS that resulted in the death of Decedent are part of a pattern of conduct consisting of beatings, assaults and intimidation during arrests by which Defendants acting under color of law have denied various persons the rights, privileges and immunities guaranteed to them by the Constitution and the laws of this United States. This pattern of conduct while carried out under color of law has no justification or excuse in law or in a civilized society but instead is improper and illegal and is unrelated to any activity in which police officers may properly and legally engage in a course of conduct and in the course of their duties to enforce laws, protect persons and property or insure civil order.

33. For their cause of action against Defendants WOODS and HOLLEMON and the CITY OF REDDING, Plaintiffs state:

    a. Prior to the incident involving Plaintiff's Decedent, Defendants CITY OF REDDING had learned of the propensities for violence involving Defendants WOODS and HOLLEMON and DOES 1 through 10 wherein those OFFICERS had used unreasonable force on others that had been arrested. Defendant REDDING took no action to discipline Defendants WOODS and HOLLEMON or to order them not to repeat such incidents, thus tacitly authorizing such conduct. If Defendant REDDING had taken such remedial action, the beating of Plaintiff's Decedent would not have occurred.

FOURTH AMENDED COMPLAINT FOR DAMAGES

34. The City Counsel of REDDING is vested by state law with the authority to make policy for the CITY on the use of force in making arrests. The City Counsel members were aware of a pattern of excessive by POLICE OFFICERS employed by the CITY OF REDDING; they were aware that the CITY's policies regarding the discipline of OFFICERS accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon Plaintiff's Decedent as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

35. At all times relevant to this complaint, Defendants WOODS and HOLLEMON as POLICE OFFICERS of the CITY OF REDDING were acting under the direction and control of Defendant CITY OF REDDING POLICE DEPARTMENT and the CITY OF REDDING and were acting pursuant to the official policy, practice or custom of the CITY OF REDDING.

36. Acting under color of law and pursuant to official policy, practice or custom, Defendants WOODS and HOLLEMON and the CITY OF REDDING intentionally, knowingly and recklessly failed to instruct, supervise, control and discipline on a continuing basis, Defendants WOODS and HOLLEMON and DOES 1 through 10 in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during or after the making of an arrest.

37. Acting under color of law and pursuant to official policy, practice or custom, Defendants CITY OF REDDING POLICE DEPARTMENT intentionally, knowingly and recklessly failed to instruct, train and supervise Defendants WOODS and HOLLEMON and DOES 1 through 10 on a continuing basis in the correct procedures for making an arrest, for securing your prisoner who has been subdued and handcuffed and for proper use of force, and for the treatment and care of mentally

FOURTH AMENDED COMPLAINT FOR DAMAGES

disturbed persons as well as persons whom the OFFICERS know to be mentally disturbed.

38. Defendants CITY OF REDDING POLICE DEPARTMENT had knowledge or had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis would have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendants REDDING POLICE DEPARTMENT and the CITY OF REDDING had power to prevent or aid in the preventing the commission of said wrongs, could have done so by reasonable diligence and intentionally, knowingly, and recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. Defendants REDDING POLICE DEPARTMENT and the CITY OF REDDING directly and indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants WOODS and HOLLEMON and DOES 1 through 10 heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

40. As a direct and proximate result of the acts of Defendants CITY OF REDDING POLICE DEPARTMENT and the CITY OF REDDING as set forth herein, Plaintiff's Intestate Decedent suffered physical injury, medical expenses, severe mental anguish and deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983 and the Plaintiffs suffered loss of their son, loss of his nurturing and family relationships and thereby suffered severe mental anguish and deprivation of their constitutional rights guaranteed by the Fourteenth Amendment to the Constitution of the United State and protected b 42 U.S.C. §1983.

41. The acts of Defendants WOODS and HOLLEMON as set forth above were wanton, malicious and oppressive thus entitling Plaintiffs to an award of attorney's fees.

**FOURTH CAUSE OF ACTION CLAIM -- WRONGFUL DEATH UNDER STATE LAW**

**(As to Redding Defendants Only)**

42. PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 41 of this Complaint.

43. As a direct and proximate result of the assault and battery described above, Decedent died within four days of the beating inflicted by Defendants.

44. In committing the assault and battery described above, Defendant WOODS acted with oppression, fraud or malice entitling Plaintiffs to an award of punitive damage against Defendant WOODS.

45. While WOODS was committing the assault, an unknown number of REDDING POLICE OFFICERS observed the beating of Plaintiffs' Decedent and took no action to intervene but tacitly approved in the assault and battery by Defendant, thereby acting with oppression, fraud, or malice entitling Plaintiffs to an award of punitive damages against said POLICE OFFICERS.

46. On August 25, 2014, Plaintiffs presented to Defendant CITY OF REDDING pursuant to Government Code §905, a Claim for Injuries and Damages sustained by Plaintiffs as a result of the incident described in this Complaint. A copy of the Claim is attached as Exhibit "A" and incorporated by reference. Defendant, CITY OF REDDING, had until October 9, 2014 (45 days after the date of presentation of the Claim) to act on Plaintiffs' Claim but failed to do so within that time. As a result, Plaintiffs' Claim is deemed rejected pursuant to Government Code §912.4(c).

/ / / /

## FIFTH CAUSE OF ACTION – VIOLATION OF CALIFORNIA CODE OF CIVIL PROCEDURE 51.7 ET SEQ.

**(As to Redding Defendants Only)**

47. PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 46 of this Complaint.

48. At all times mentioned in this Complaint, California Civil Code §51.7(a) et seq provided that "all persons have the right to be free from violence … committed against persons" because of disability.

49. At the time of Defendant's beating of Matthew Robinson, Matthew Robinson was suffering from the recognized disability known as bi-polar disorder. Each of the Defendants were aware of Decedent's disorder and became emotionally and aggressively aroused toward Matthew Robinson because of the disorder and their own ignorance and lack of training on how to deal with persons suffering from such disorder.

50. In doing the acts set forth in this Complaint, Defendants and each of them violated the rights and protections provided to PLAINTIFFS and PLAINTIFFS' Decedent under California Civil Code §51.7 et seq and California Civil Code §52 et seq.

## SIXTH CAUSE OF ACTION – NEGLIGENT HIRING

**(As to Redding Defendants Only)**

51. PLAINTIFFS incorporate by reference and re-alleges Paragraphs 1 to 50 of this Complaint.

52. Defendants, CHIEF OF POLICE, ROBERT F. PAOLETTI, SUPERIOR OFFICERS, and CITY were negligent in selection, appointment, training and supervision and retention of the Defendants, WOODS and HOLLEMON as members of the POLICE DEPARTMENT of Defendant CITY in that (a) they appointed Defendant POLICE OFFICERS as POLICE OFFICERS when they knew or in the exercise of reasonable care should have known of the disposition of those OFFICERS to engage

in the described unlawful conduct; (b) despite the fact that they knew or should have known that this pattern of conduct was being carried out by their agents and employees, Defendant POLICE OFFICERS, these Defendants have failed and refuse to: (i) remove Defendants from their position as POLICE OFFICERS; (ii) take any other disciplinary actions against these OFFICERS; or (iii) provide redress for citizens such as Decedent who had been injured by those OFFICERS.

53. The above described acts of Defendant POLICE OFFICERS were done willfully, maliciously, and with callous and reckless indifference to and disregard of Decedent's safety and continued life, by reason of which Decedent was in Decedent's lifetime entitled by virtue of the statutes of the State of California to compensatory damages in a sum of $5,000,000.00 (five million dollars) and punitive damages in a sum of $10,000,000.00 (ten million dollars) and Decedent's estate is now entitled by virtue of the above noted statute to an award of such compensatory and punitive damages.

WHEREFORE, PLAINTIFFS DEMAND JUDGMENT AGAINST DEFENDANTS for each cause of action herein:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages (OFFICERS only);
4. For costs of suit;
5. For prejudgment interest and post judgment interest according to law; and
6. For such other further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, KATHERINE ROBINSON and WILLIAM ROBINSON, demand a jury trial.

FOURTH AMENDED COMPLAINT FOR DAMAGES

Dated: March 9, 2017          THE LAW OFFICE OF LARRY L. BAUMBACH

_____
LARRY L. BAUMBACH