UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE ROBINSON, et al. | No. 2:14-cv-2910-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF REDDING, et al., | |
| Defendants. | |

Presently pending before the court is plaintiffs' motion to strike defendants' supplemental expert disclosure, filed on September 22, 2017. (ECF No. 79.) The motion has not been noticed for a hearing in accordance with Local Rule 251. For the reasons discussed below, the motion is DENIED WITHOUT PREJUDICE as untimely.

The district judge's operative scheduling order required expert disclosures to be made simultaneously on July 31, 2017, and supplemental expert disclosures to be made simultaneously on August 14, 2017. (ECF No. 65.) The order also required expert discovery to be completed by September 30, 2017. (ECF No. 63.) For purposes of the scheduling order, "completed" means that "all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." (ECF No. 56.)

1

In this case, both plaintiffs and defendants timely filed initial expert witness disclosures on July 31, 2017, and defendants also timely filed a supplemental expert witness disclosure on August 14, 2017. (ECF Nos. 69, 70, 75.) Plaintiffs then filed the instant motion on September 22, 2017, seeking to strike defendants' supplemental expert witness disclosure as purportedly improper. (ECF No. 79.)

Plaintiffs' motion is clearly untimely under the operative scheduling order, because it was filed mere days before the expert discovery completion deadline, and with insufficient time for the motion to be heard pursuant to Local Rule 251 and decided prior to September 30, 2017. Furthermore, the undersigned cannot modify the scheduling order in this case, which specifically provides that "while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, even in connection with a discovery matter." (ECF No. 56 at 2.) Moreover, even if the undersigned were authorized to modify the scheduling order, plaintiffs have not set forth any good cause to do so. Because defendants' supplemental expert disclosure was timely made on August 14, 2017, plaintiffs had sufficient time to bring and have heard an appropriate motion prior to expiration of the expert discovery completion deadline.

Therefore, the court DENIES the motion WITHOUT PREJUDICE as untimely. Nothing in this order precludes the parties from raising this matter with the district judge as a motion *in limine* or other appropriate trial motion, to be decided in the district judge's discretion.

IT IS SO ORDERED.

This order resolves ECF No. 79.

Dated: September 28, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE